**IN RE: H & R BLOCK, INC., WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION**

**Lance Hom, et al. v. H & R Block, Inc., et al., S.D. California, C.A. No. 3:10–476**

**Barbara Petroski, et al. v. H & R Block, Inc., et al., W.D. Missouri, C.A. No. 4:10–75.**

**MDL No. 2178.**

United States Judicial Panel on Multidistrict Litigation.

Aug. 6, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR. and BARBARA S. JONES, Judges of the Panel.

**ORDER DENYING TRANSFER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** This litigation currently consists of one action in the Southern District of California and one action in the Western District of Missouri.[1] Defendant H & R Block, Inc., and its related entities[2] (collectively H & R Block) move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Western District of Missouri. Plaintiffs in the Western District of Missouri action support the motion. Plaintiffs in the Southern

---

1. The parties have notified the Panel of a related action pending in the Western District of New York. The plaintiff initially brought her claims in the Southern District of California action but has since voluntarily dismissed her claims from that action and filed them in W.D. New York.

2. H & R Block Group, Inc., H & R Block Tax Services, Inc., H & R Block Enterprises LLC, H & R Block Enterprises, Inc., and H & R Block Eastern Enterprises, Inc.

District of California action and the Western District of New York related action do not oppose the motion, but also propose the Southern District of California as an alternative choice for transferee district. These plaintiffs also acknowledge that centralization under Section 1407 may not be warranted in light of recent Panel precedent.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Plaintiffs in the three pending actions claim that H & R Block violated the Fair Labor Standards Act, and in some instances, similar state laws by failing to compensate tax preparers for time spent taking required training. As the litigation stands now, only three actions are pending, and plaintiffs in two of the three actions share counsel. Given these circumstances, we are not convinced that centralization under Section 1407 is necessary to achieve efficiencies in pretrial proceedings at this time. Instead, counsel in these actions can avail themselves of alternatives to transfer that may minimize whatever possibilities there are of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for transfer, pursuant to 28 U.S.C. § 1407, is denied.