### In re: EQUINOX FITNESS WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION

**Tamara Evans v. Equinox Holdings, Inc., et al., CD. California, C.A. No. 2:10–05961**

**Sean Barnes v. The Equinox Group, Inc., MDL No. 2209 N.D. California, C.A. No. 4:10–03586.**

**MDL No. 2209.**

United States Judicial Panel on Multidistrict Litigation.

Feb. 8, 2011.

Before JOHN G. HEYBURN II, Chairman, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., BARBARA S. JONES and PAUL J. BARBADORO, Judges on the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:**[*] Defendants Equinox Holdings, Inc., and affiliated entities[1] have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Central District of California. This litigation currently consists of two actions pending in two districts, one action each in the Cen-

tral District of California and the Northern District of California.[2] Plaintiff in the Northern District of California action agrees that centralization is appropriate, but suggests selection of the Northern District of California. Plaintiff in the Central District of California action has not responded to the motion.

Movants and responding plaintiff in this wage and hour litigation agree that the actions contain similar allegations concerning whether Equinox personal trainers were paid in accordance with California's wage and hour statute. Moreover, all the parties either agree or acquiesce to centralization. They disagree only as to the transferee district.

While we agree that common factual issues exist, the Panel is not persuaded that Section 1407 centralization is necessary either to assure the convenience of the parties and witnesses or for the just and efficient conduct of this litigation at this time. At first blush, it may seem odd that the Panel would deny an unopposed motion for centralization, where that motion appears, on its face, to satisfy the Section 1407 criteria. However, the Panel has an institutional responsibility that goes beyond simply accommodating the particular wishes of the parties. In that role, we are always cognizant of whether centralization outside the plaintiffs[*] original choice of forum is necessary to achieve efficiencies and promote justice. The

---

[*] Judge Kathryn H. Vratil took no part in the disposition of this matter.

[1] The Equinox Group, Inc. (Equinox); Equinox Fitness Century City, Inc.; Equinox Fitness Newport Beach, Inc.; Equinox Fitness Palo Alto, Inc.; Equinox Fitness Palos Verdes, Inc.; Equinox Fitness Pasadena, Inc.; Equinox Fitness San Mateo, Inc.; Equinox Fitness Santa Monica, Inc.; Equinox Fitness South Bay, Inc.; Equinox Fitness Westwood, Inc.; and Equinox Fitness Woodland Hills, Inc.

[2] On November 29, 2010, movants amended their Section 1407 motion to include an additional action, *Gregory Wilkins v. Equinox Holdings, Inc., et al.*, C.A. No. 2:10–08638. This action, however, has been recently remanded to California state court. Accordingly, the question of inclusion of this action in MDL proceedings is moot.

cases here are not particularly complex. Nor does any great geographical chasm separate the parties. And, it is doubtful that Section 1407 centralization is necessary for these two judges, who sit in adjacent districts, to resolve the cases before them in a coordinated matter.

In these circumstances, the Panel certainly retains the option to deny centralization. *In re CVS Caremark Corp. Wage and Hour Emp't. Practices Litig.*, 684 F.Supp.2d 1377, 1379 (J.P.M.L.2010) (noting that we were less likely to grant a motion for centralization where, *inter alia*, only a few actions are involved). Indeed, this is not the first time that the Panel has denied centralization of an unopposed Section 1407 motion. *See, e.g., In re UPS Supply Chain Solutions, Inc., Fair Labor Standards Act (FLSA) Litig.*, 729 F.Supp.2d 1356 (J.P.M.L.2010) (denying unopposed Section 1407 motion involving only two actions); *In re H & R Block, Inc., Wage and Hour Emp't. Practices Litig.*, 729 F.Supp.2d 1358 (J.P.M.L.2010) (denying unopposed Section 1407 motion involving only two actions and a potential tag-along action); *In re CableNet Services Unlimited, Inc., Fair Labor Standards Act (FLSA) Litig.*, 716 F.Supp.2d 1363 (J.P.M.L.2010) (denying centralization where only two actions were pending in adjacent districts within the same state).

Here, the Panel is convinced that cooperation among the parties and deference among the courts can easily minimize the possibilities of duplicative discovery or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.