### In re: DIRECTBUY, INC., MARKETING AND SALES PRACTICES LITIGATION.

### MDL No. 2132.

United States Judicial Panel on Multidistrict Litigation.

Feb. 5, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN *, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., and DAVID G. TRAGER, Judges of the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Plaintiff in an action in the Southern District of Indiana has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Southern District of Indiana. This litigation currently consists of four actions pending as follows: an action each in the Central District of California, the District of Connecticut, the Southern District of Indiana, and the Eastern District of New York, as listed on Schedule A.

Plaintiffs in the Central District of California action support the motion in its entirety. Plaintiffs in the Eastern District of New York action initially opposed centralization and, alternatively, supported selection of the Eastern District of New York as the transferee district; however, at oral argument, these plaintiffs expressed their support of centralization in the District of Connecticut. Plaintiffs in the District of Connecticut action oppose centralization and, alternatively, favor transfer to the District of Connecticut. Defendants [1] oppose centralization.

At oral argument, attorneys for plaintiffs supporting centralization expressed concern that they were "frozen out" of settlement discussions in another action. We do not consider the DirectBuy defendants' apparent preference to negotiate with certain plaintiffs' counsel over counsel for other plaintiffs as particularly relevant to our primary statutory inquiry—whether centralization of actions containing common factual questions will serve the convenience of the parties and witnesses and further the just and efficient conduct of the actions. See 28 U.S.C. § 1407(a). Regardless of our decision on centralization, if (as some plaintiffs presume) plaintiffs in one or more of the actions reach a nationwide settlement with the DirectBuy defendants, plaintiffs in the non-settling actions should reasonably anticipate an opportunity to object to the proposed settlement at any fairness hearing regarding the proposed settlement.

We have long held that the convenience of counsel "is not by itself a factor to be considered under Section 1407 in the Panel's decision whether to order transfer or in the selection of a transferee forum for a group of actions. Only if the inconvenience of counsel would impinge on

---

\* Judge Hansen took no part in the decision of this matter.

1. DirectBuy, Inc.; United Consumers Club, Inc.; DirectBuy Holdings, Inc.; UCC Distribution, Inc.; Beta Finance Company, Inc.; National Management Corporation, Inc.; Trivest Partners IV, Inc.; and The Sequoia Group—Thousand Oaks LLC (collectively DirectBuy defendants).

the convenience of the parties or witnesses would the convenience of counsel become a factor to be considered by the Pan el." *In re Anthracite Coal Antitrust Litigation*, 436 F.Supp. 402, 404 (J.P.M.L.1977). Plaintiffs supporting centralization have failed to make such a showing.

Otherwise, this is a close case; one which in other circumstances we might centralize. The actions may share some factual questions regarding the DirectBuy defendants' marketing practices. Movant has failed to convince us, however, that these common factual questions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. Defendants and some of the plaintiffs oppose centralization as unnecessary. Two of the cases predate by a considerable time those filed by the plaintiffs supporting centralization. On the basis of the papers filed and hearing session held, we are not persuaded that the benefits of Section 1407 centralization are sufficient to outweigh the objections. The parties are encouraged to employ alternatives to transfer to minimize whatever possibilities may arise of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

## SCHEDULE A

*Central District of California*

*Phil Ganezer, et al. v. DirectBuy, Inc., et al.*, C.A. No. 2:08–8666

*District of Connecticut*

*Christopher Wilson, et al. v. DirectBuy, Inc., et al.*, C.A. No. 3:09–590

*Southern District of Indiana*

*Brian Vance v. DirectBuy, Inc., et al.*, C.A. No. 1:09–1360

*Eastern District of New York*

*Jamila Swift, et al. v. DirectBuy, Inc., et al.*, C.A. No. 1:09–4067