# IN RE: JPMORGAN CHASE & CO. FAIR LABOR STANDARDS ACT (FLSA) LITIGATION.

## MDL No. 2174.

United States Judicial Panel on Multidistrict Litigation.

Aug. 6, 2010.

Before JOHN G. HEYBURN II, Chairman,\* KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., and BARBARA S. JONES, Judges of the Panel.

## ORDER DENYING TRANSFER

ROBERT L. MILLER, JR., Acting Chairman.

**Before the entire Panel \*:** Plaintiffs in an action in the Southern District of New York seek centralization, pursuant to 28 U.S.C. § 1407, of the three actions listed on Schedule A in the Southern District of New York. This litigation currently consists of the following three actions: an action each in the Western and Southern Districts of New York and Southern District of Texas.

Plaintiffs in the Western District of New York *Davis* action and plaintiffs in a potential tag-along action pending in the Central District of California support centralization in the Western District of New York. At oral argument defendants JPMorgan Chase Bank, N.A. (Chase Bank) and JPMorgan Chase & Co. (JPMC)[1] supported centralization in the Western District of New York. Plaintiff in the Southern District of Texas action initially supported centralization in the Southern District of New York or, alternatively, the Southern District of Texas, but counsel for Chase Bank represented in a later filing before the Panel that counsel for plaintiff now supports centralization in the Western District of New York.

At oral argument, attorneys for defendants and plaintiffs in the Western District of New York action announced that they had reached a tentative nationwide settlement. Despite the fact that all parties now support centralization, we are not persuaded that significant efficiencies will be gained by centralization of this litigation at this late date, particularly in light of the substantial disparity in the progress of the actions. Plaintiffs in the non-settling actions should reasonably anticipate an opportunity to object to the purported nationwide settlement and direct any concerns regarding the further adjudication of their claims to Judge David G. Larimer at a fairness hearing concerning the proposed settlement in *Davis*.

On the basis of the papers filed and hearing session held, the parties have not convinced us that any common factual questions are sufficiently complex and/or numerous to justify Section 1407 transfer under the circumstances before us. The parties are encouraged to employ alternatives to transfer to minimize whatever (if any) possibilities may arise of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan. Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

## SCHEDULE A

### MDL No. 2174—IN RE: JPMORGAN CHASE & CO. FAIR LABOR STANDARDS ACT (FLSA) LITIGATION

*Southern District of New York*

*Gayla Pickle, et al. v. J.P. Morgan Chase & Co.,* C.A. No. 1:10–2791

*Western District of New York*

*Michael J. Davis, et al. v. J.P. Morgan Chase & Co., et al.,* C.A. No. 6:01–6492

*Southern District of Texas*

*Elizabeth Anne Ebert v. J.P. Morgan Chase & Co.,* C.A. No. 4:10–894

---

**1.** Only Chase Bank filed a response to the motion for centralization, though counsel for Chase Bank also represented JPMC at oral argument. On the basis of Chase Bank's initial brief, it appeared to oppose centralization and, alternatively, support selection of the Southern District of Texas as the transferee district, if the Panel ordered centralization of the litigation.