## IN RE: TRANSOCEAN LTD. SECURITIES LITIGATION.

**Donald P. Foley, et al. v. Transocean, Ltd., et al., S.D. New York, C.A. No. 1:10–5233**

**Johnson Mutual Funds Trust, et al. v. Transocean, Ltd., et al., S.D. Texas, C.A. No. 4:10–3487.**

**MDL No. 2201.**

United States Judicial Panel on Multidistrict Litigation.

Nov. 30, 2010.

Before JOHN G. HEYBURN II, Chairman, KATHRYN H. VRATIL *, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., BARBARA S. JONES, PAUL J. BARBADORO, Judges of the Panel.

### ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel\*:** Plaintiffs in an action pending in the Southern District of Texas have moved, pursuant to 28

this matter.

U.S.C. § 1407, to centralize this litigation in that district. This litigation currently consists of that action (*Johnson Mutual Funds Trust*) and an action pending in the Southern District of New York (*Foley*).

Responding defendants Transocean Ltd. (Transocean), Steven L. Newman (Transocean's current CEO), and Robert A. Long (Transocean's prior CEO) support centralization, but prefer the Southern District of New York as transferee district. Also favoring centralization in that district are Employees' Retirement System of the Government of the Virgin Islands (Virgin Islands) and Danica Pension A/S (Danica). Both the Virgin Islands and Danica have applied for appointment as lead plaintiff in *Foley*, as has Johnson Investment Counsel, Inc. (JIC), which is one of the two plaintiffs in *Johnson Mutual Funds Trust.*

On the basis of the papers filed and the hearing session held, we will deny the motion for centralization. These actions do share allegations that Transocean and its current and/or former chief executive officers made false and misleading statements concerning Transocean's safety protocols, recurring blowout preventer problems, and operating and safety record, and that, as a result, Transocean's stock traded at artificially inflated prices during the class period. There are, however, only two actions in this docket.[1] As we have stated in the past, where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization. *See In re Royal American Indus., Inc. Sec. Litig.*, 407 F.Supp. 242, 243 (J.P.M.L. 1976). Movants have not met that burden here.

This is the second Section 1407 motion seeking centralization of actions involving this same subject matter. Like the instant motion, the first motion involved just two actions: an action then pending in the Southern District of New York and an action (*Yuen*) then pending in the Eastern District of Louisiana. JIC, which is one of the moving parties in this docket, was the plaintiff in the Southern District of New York action and the moving party in that earlier docket. In its motion in that earlier docket, JIC sought centralization of its action and the *Yuen* action in the Southern District of New York. When the *Yuen* plaintiffs voluntarily dismissed their action, the earlier Section 1407 motion became moot, and JIC subsequently dismissed its Southern District of New York action. In doing so, JIC expressly cited the pendency of *Foley* as one of the grounds for dismissal. Notwithstanding that representation, JIC then immediately commenced the *Johnson Mutual Funds Trust* action in the Southern District of Texas. In sum, the Panel is presented with the curious situation in which the moving party was previously willing to litigate in, and indeed sought centralization in, District X, but now, for whatever reason,[2] has commenced a new action in, and seeks centralization in,

---

1. The Panel has been notified of one additional related action, but, like *Foley*, that action is pending in the Southern District of New York.

2. The Virgin Islands and Danica parties contend that the real reason that JIC is now seeking centralization in the Southern District of Texas is that under Second Circuit law, JIC is not eligible for appointment as lead plaintiff in *Foley*. In their reply brief, movants respond that after the Panel decided to centralize the BP securities actions in the Southern District of Texas—actions that, like those in this docket, were filed in the aftermath of the Deepwater Horizon incident in the Gulf of Mexico, *see In re: BP p.l.c. Sec. Litig.*, 734 F.Supp.3d 1376, 2010 WL 3238321 (J.P.M.L. Aug. 10, 2010)—it made sense to seek centralization in that district, rather than the Southern District of New York, because, they assert, discovery in the Transocean securities actions will overlap, to a significant extent, with discovery in the BP securities actions. We express no view on the merits of these arguments.

District Y. Moreover, it is only the existence of the moving party's newly-filed action in District Y that gives the litigation its multidistrict character. We are not persuaded that this situation warrants Section 1407 centralization.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.