## IN RE: BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., FAIR LABOR STANDARDS ACT (FLSA) LITIGATION.

### MDL No. 2219.

United States Judicial Panel on Multidistrict Litigation.

Feb. 4, 2011.

Before JOHN G. HEYBURN II, Chairman, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., BARBARA S. JONES and PAUL J. BARBADORO, Judges of the Panel.

### ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:\*** Plaintiff in an action in the Northern District of Illinois seeks centralization, pursuant to 28 U.S.C. § 1407, of the four actions listed on Schedule A in the District of Connecticut. Plaintiffs in the District of Connecticut and Northern District of California actions,

decision of this matter.

which are represented by some of the same counsel as moving plaintiff, separately responded in support of moving plaintiff's motion. Plaintiff in the Southern District of Florida action opposes centralization. Common defendant Boehringer Ingelheim Pharmaceuticals, Inc. (Boehringer) opposes centralization; alternatively, Boehringer requests centralizing all actions except the District of Connecticut action in the Southern District of Florida.

This litigation currently consists of the following four actions: an action each in the Northern District of California, the District of Connecticut, the Southern District of Florida and the Northern District of Illinois.

No party in this wage and hour litigation significantly disputes that the actions contain similar allegations concerning the classification of Boehringer's pharmaceutical sales representatives.[1] We agree that common factual issues exist, but on balance, we conclude that centralization is not necessary to ensure the just and efficient conduct of the actions now before us.

In particular, several considerations the Panel has previously relied upon to deny centralization are present in the actions before us. In *In re: CVS Caremark Corp. Wage and Hour Emp't. Practices Litig.*, 684 F.Supp.2d 1377, 1379 (U.S.Jud.Pan. Mult.Lit.2010), we articulated three broad circumstances that make the case for centralization less compelling: (1) when the duties of the subject employees appear to be subject to significant local variances or would entail significant localized discovery,

(2) the defendants and/or some of the plaintiffs oppose centralization, or (3) only a few actions or procedurally dissimilar actions are involved in the litigation. Other factors, such as the presence of common counsel for moving plaintiffs in actions filed shortly before the motion for centralization might also weigh against centralization. *Id.*

Significantly, there are only a handful of procedurally dissimilar cases currently before the Panel, three of which are brought by plaintiffs with common counsel. *See also In re: JPMorgan Chase & Co. Fair Labor Standards Act (FLSA) Litig.*, 729 F.Supp.2d 1354 (U.S.Jud.Pan. Mult.Lit.2010) (denying centralization, in part, because "of the substantial disparity in the progress of the actions."). The Connecticut *Ruggeri* action was filed in December 2006, almost four years before the other actions. Merits discovery was completed in *Ruggeri* over two years ago. It is not apparent how centralization will benefit the resolution of *Ruggeri*, in which numerous substantive rulings have already been issued and the opt-in period has long since closed.

Because plaintiffs in three actions share counsel and Boehringer is represented by common counsel, alternatives to formal centralization, such as voluntary cooperation among the few involved counsel and courts, appear viable. *See, e.g., In re: Rite Aid Corp. Wage and Hour Employment Practices Litig.*, 655 F.Supp.2d 1376, 1377 (U.S.Jud.Pan.Mult.Lit.2009) (denying centralization of six actions pending in four

---

1. The parties devote much attention to the implications of a purported split among the circuits regarding the classification of pharmaceutical sales representatives. While the parties' arguments and related allegations of "judgment shopping" were slightly probative of the parties' motives that led to their respective position on the issue of centralization and selection of a transferee district, these arguments were largely irrelevant to the Section

1407 analysis. The Panel has long held that "[w]hen determining whether to transfer an action under Section 1407 ... it is not the business of the Panel to consider what law the transferee court might apply." *In re: General Motors Class E Stock Buyout Sec. Litig.*, 696 F.Supp. 1546, 1547 (U.S.Jud.Pan. Mult.Lit.1988). We see no reason to depart from this longstanding practice.

districts and noting "[c]ooperation among counsel and the parties is particularly appropriate here, where plaintiffs in four of the six actions encompassed by the motion share counsel."). We encourage the parties to employ alternatives to transfer to minimize duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (U.S.Jud.Pan.Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

## SCHEDULE A

MDL No. 2219 — **IN RE: BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., FAIR LABOR STANDARDS ACT (FLSA) LITIGATION**

*Northern District of California*

    *Peter Batchkoff v. Boehringer Ingelheim Pharmaceuticals, Inc.,* C.A. No. 3:10–04830

*District of Connecticut*

    *Luann Ruggeri, et al. v. Boehringer Ingelheim Corp.,* C.A. No. 3:06–01985

*Southern District of Florida*

    *Marta Lopez–Lima v. Boehringer Ingelheim Pharmaceuticals, Inc.,* C.A. No. 1:10–22398

*Northern District of Illinois*

    *Catherine Copello v. Boehringer Ingelheim Pharmaceuticals, Inc.,* C.A. No. 1:10–07396

---

\* Judge Vratil took no part in the decision of    this matter.