## IN RE: HIGHWAY ACCIDENT IN FULTON COUNTY, OHIO, ON AUGUST 2, 2009

Keith Bargaheiser, et al. v. Gainey Transportation, et al., N.D. Ohio, C.A. No. 3:11–01454

Keith Kasal, et al. v. Thomas C. Frias, et al., M.D. Pennsylvania, C.A. No. 3:09–02272

MDL No. 2292.

United States Judicial Panel on Multidistrict Litigation.

Dec. 13, 2011.

Before JOHN G. HEYBURN II, Chairman, KATHRYN H. VRATIL, W. ROYAL FURGESON, JR., BARBARA S. JONES, PAUL J. BARBADORO, MARJORIE O. RENDELL, and CHARLES R. BREYER, Judges of the Panel.

### ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, common defendants Gainey Transportation Service, Inc., and Thomas Carlos Frias in the above-captioned actions move for centralization of these two actions in the Northern District of Ohio. Plaintiffs in both actions oppose the motion.

We agree that both actions share factual issues arising out of an August 2009 accident on the Ohio Turnpike. The Panel, however, is not persuaded that Section 1407 centralization is necessary either to assure the convenience of the parties and witnesses or for the just and efficient conduct of this litigation.

Where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating

the need for centralization. *See In re Transocean Ltd. Sec. Litig. II,* 753 F.Supp.2d 1373 (J.P.M.L 2010); *In re Scotch Whiskey,* 299 F.Supp. 543 (J.P.M.L. 1969). Movants have not met that burden. Here, the Panel is convinced that cooperation among the parties and deference among the courts can easily minimize the possibilities of duplicative discovery or inconsistent pretrial rulings in these two relatively straight-forward cases. *See, e.g., See, e.g., In re Helicopter Crash Near Zachary, La., on Dec. 9, 2004,* 484 F.Supp.2d 1354, 1355 (J.P.M.L.2007) (citing *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.,* 446 F.Supp. 242, 244 (J.P.M.L.1978)); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.