# IN RE: MICHAELS STORES, INC., PIN PAD LITIGATION.

## MDL No. 2312.

United States Judicial Panel on Multidistrict Litigation.

Feb. 7, 2012.

Before JOHN G. HEYBURN II, Chairman, KATHRYN H. VRATIL, BARBARA S. JONES, PAUL J. BARBADORO, MARJORIE O. RENDELL, and CHARLES R. BREYER, Judges of the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:** * Pursuant to 28 U.S.C. § 1407, defendant Michaels Stores, Inc. (Michaels), moves to centralize this litigation in the Northern District of Illinois. This litigation currently consists of seven actions pending in two districts, as listed on Schedule A. All Northern District of Illinois plaintiffs support the motion,

and plaintiff in the District of New Jersey action has not responded to the motion.

On the basis of the papers filed and the hearing session held, we will deny the motion. It is undisputed that these actions share factual questions arising out of allegations of tampering with PIN pad devices used for credit and debit card transactions in Michaels stores. We are not persuaded, however, that centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at this time. Only seven actions are currently pending in two districts, six of which have been consolidated, and movant has not met its burden of demonstrating the need for centralization of such a minimal number of actions. *See, e.g., In re Transocean Ltd. Sec. Litig.,* 753 F.Supp.2d 1373, 1374 (J.P.M.L.2010). Counsel can avail themselves of alternatives to Section 1407 transfer to minimize whatever possibilities there are of duplicative discovery or inconsistent pretrial rulings. *See, e.g., In re Helicopter Crash Near Zachary, La., on Dec. 9, 2004,* 484 F.Supp.2d 1354, 1355 (J.P.M.L.2007) (citing *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.,* 446 F.Supp. 242, 244 (J.P.M.L.1978)); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

Notably, transfer pursuant to Section 1404 is available to minimize any possibility of duplicative discovery among these actions. Indeed, one action included in the present Section 1407 motion has already been transferred to the Northern District of Illinois from the District of New Jersey, pursuant to Section 1404. Though defendant represents that the remaining District of New Jersey plaintiff will not consent to Section 1404 transfer, we find that a motion for transfer to the Northern District of Illinois pursuant to Section 1404 is

---

* Judge W. Royal Furgeson, Jr. took no part in     the decision of this matter.

the better course of action in this situation. As we have previously held, "centralization under Section 1407 should be the last solution after considered review of all other options," including transfer pursuant to Section 1404. *See In re Best Buy Co., Inc., California Song–Beverly Credit Card Act Litig., et al.,* MDL Nos. 2256, 2259, 2260, 2267, 2268, 804 F.Supp.2d 1376, 1378 (J.P.M.L.2011).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these seven actions is denied.

## SCHEDULE A

MDL No. 2312 — IN RE: MICHAELS STORES, INC., PIN PAD LITIGATION

*Northern District of Illinois*

*Brandi F. Ramundo v. Michaels Stores, Inc.,* C.A. No. 1:11–03350

*Mary Allen v. Michaels Stores, Inc.,* C.A. No. 1:11–03579

*Kimberly M. Siprut v. Michaels Stores, Inc.,* C.A. No. 1:11–03725

*Jeremy Williams v. Michaels Stores, Inc.,* C.A. No. 1:11–03883

*Fred Sherry v. Michaels Stores, Inc.,* C.A. No. 1:11–05900

*Sara Rosenfeld, et al. v. Michaels Stores, Inc., et al.,* C.A. No. 1:11–06335

*District of New Jersey*

*Lori Wilson v. Michaels Stores, Inc.,* C.A. No. 2:11–05210

---

* Judge W. Royal Furgeson, Jr., took no part in the disposition of this matter.