**IN RE: NORTHEAST CONTAMINATED BEEF PRODUCTS LIABILITY LITIGATION.**

### MDL No. 2346.

United States Judicial Panel on Multidistrict Litigation.

April 17, 2012.

Before KATHRYN H. VRATIL, Acting Chairman, W. ROYAL FURGESON, JR., BARBARA S. JONES, PAUL J. BARBADORO, MARJORIE O. RENDELL, and CHARLES R. BREYER, Judges of the Panel.

### ORDER DENYING TRANSFER

KATHRYN H. VRATIL, Acting Chairman.

**Before the Panel:\*** Pursuant to 28 U.S.C. § 1407, defendant Fairbank Reconstruction Corp. (Fairbank) has moved to centralize this litigation in the District of Maine. The motion encompasses three actions, as listed on Schedule A. Plaintiffs in the District of Connecticut *Cannella* action and the District of Maine action support the motion. Defendant Greater Omaha Packing Co., Inc. (GOPAC) opposes centralization and, alternatively, suggests selection of the District of Connecticut as the transferee district.

After considering all argument of counsel, we will deny the motion. Although these actions share some background factual issues concerning the September 2009 outbreak of *E. coli* contamination in ground beef produced by Fairbank, movants have failed to convince us that those issues contain significant overlapping questions of fact sufficient to warrant centralization of the few involved actions. Individualized issues of causation concerning each plaintiff's injuries appear to predomi-

---

\* Judge John G. Heyburn II took no part in the disposition of this matter.

nate among the actions, in addition to a narrow common legal issue regarding the preclusive effect of a prior jury verdict. Additionally, the likelihood that additional actions will be filed concerning this *E. coli* outbreak—which occurred nearly two and a half years ago and affected under 30 individuals—seems low. With only three actions pending in two adjacent districts involved in this litigation, movant has failed to convince us that centralization is needed. *See In re Transocean Ltd. Secs. Litig.*, 753 F.Supp.2d 1373, 1374 (J.P.M.L. 2010) ("As we have stated in the past, where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization.").

Plaintiffs in two actions are represented by common counsel. Similarly, movants and GOPAC are represented by common counsel in these actions. In these circumstances, informal cooperation among the involved attorneys and courts is both practicable and preferable. *See In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F.Supp.2d 1377, 1378–79 (J.P.M.L.2011).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

### SCHEDULE A

MDL No. 2346 — **IN RE: NORTHEAST CONTAMINATED BEEF PRODUCTS LIABILITY LITIGATION**

*District of Connecticut*
*Louann Cannella, et al. v. Fairbank Reconstruction Corp., et al.*, C.A. No. 3:11–01396

*Rachel Campanelli, et al. v. Greater Omaha Packing Company, Inc., et al.*, C.A. No. 3:11–01618

*District of Maine*

*Emmie Jones v. Fairbank Reconstruction Corp., et al.*, C.A. No. 2:11–00437

