## IN RE: MAYBELLINE NEW YORK AND L'ORÉAL PARIS COSMETIC PRODUCTS MARKETING AND SALES PRACTICES LITIGATION.

### MDL No. 2447.

United States Judicial Panel on Multidistrict Litigation.

June 6, 2013.

Before JOHN G. HEYBURN II, Chairman, KATHRYN H. VRATIL, W. ROYAL FURGESON, JR., PAUL J. BARBADORO, MARJORIE O. RENDELL, CHARLES R. BREYER, and LEWIS A. KAPLAN, Judges of the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, defendants L'Oréal USA, Inc, and Maybelline LLC move to centralize this litigation in the Southern District of New York. The litigation encompasses the four actions listed on Schedule A.[1]

All responding plaintiffs—plaintiffs in the three California actions—oppose centralization. If the Panel orders centralization over their objections, plaintiffs in the Eastern District of California and Southern District of California actions ask that the Panel select the Southern District of California as transferee district, while plaintiff in the action pending in the Northern District of California favors selection of that district.

On the basis of the papers filed and the hearing session held, we will deny the motion. Although all four actions involve allegations that defendants' lip products do not remain on wearers' lips for the durations advertised, those products are not the same across all actions. In the Southern District of New York and Northern District of Californian actions, the involved lip products are Maybelline's SuperStay 10HR Stain Gloss and SuperStay 14HR Lipstick. In the Southern District of California and Eastern District of California actions, the involved product is SuperStay 24HR Lip Color. In addition, two of the actions implicate products not found in any other action. Specifically, the Northern District of California action involves allegations concerning certain mascara products, and the Eastern District of California action involves allegations concerning a foundation product. To the extent that there is factual overlap among the actions, the

---

1. The Panel has been informed of one additional related federal action, which is pending in the Northern District of California.

risk of duplicative discovery and inconsistent pretrial rulings can be minimized through voluntary cooperation and coordination among the parties and the involved courts. *See In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.,* 763 F.Supp.2d 1377, 1378 (J.P.M.L.2011).

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. § 1407, for centralization of these four actions is denied.

## SCHEDULE A

MDL No. 2447 — **IN RE: MAYBELLINE NEW YORK AND L'ORÉAL PARIS COSMETIC PRODUCTS MARKETING AND SALES PRACTICES LITIGATION**

*Eastern District of California*

*Patsy Murdock v. Maybelline, LLC,* C.A. No. 2:13–00207

*Northern District of California*

*Liat Orshansky v. L'Oreal USA, Inc.,* et al., C.A. No. 3:12–06342

*Southern District of California*

*Yanira Algarin v. Maybelline, LLC,* C.A. No. 3:12–03000

*Southern District of New York*

*Carol Leebove, et al. v. Maybelline, LLC,* C.A. No. 1:12–07146