IN RE: NBTY, INC., GINKGO BILO-
BA MARKETING AND SALES
PRACTICES LITIGATION.

MDL No. 2608.

United States Judicial Panel on
Multidistrict Litigation.

Filed April 2, 2015.

Before SARAH S. VANCE, Chair,
MARJORIE O. RENDELL, CHARLES
R. BREYER, LEWIS A. KAPLAN,
ELLEN SEGAL HUVELLE, R. DAVID
PROCTOR, and CATHERINE D.
PERRY, Judges of the Panel.

## ORDER DENYING TRANSFER

SARAH S. VANCE, Chair.

**Before the Panel:** Defendants NBTY,
Inc.; Natures Bounty, Inc.; Rexall Sun-
down, Inc.; and Costco Wholesale Corp.
move under 28 U.S.C. § 1407 to centralize
pretrial proceedings in this litigation in the
Southern District of California.[1] Plaintiff
in the Northern District of California ac-
tion supports defendants' motion. This lit-
igation consists of three actions pending in
the Southern District of California and the
Northern District of California, as listed
on Schedule A.

On the basis of the papers filed and the
hearing session held, we conclude that cen-
tralization of this litigation is not necessary
to serve the convenience of the parties and
witnesses or further the just and efficient
conduct of this litigation. These actions
share common factual questions regarding

defendants' statements about the efficacy
of Gingko Biloba. Specifically, plaintiffs
challenge defendants' statements on the
labels of Sundown, TrueNature and Na-
ture's Bounty supplements that the prod-
ucts support "healthy brain function" and
circulation and help "support memory, es-
pecially occasional mild memory problems
associated with aging." Given the small
number of cases in this litigation and the
parties' willingness to pursue Section 1404
transfer, we are not convinced that these
common issues alone are sufficient to war-
rant the creation of an MDL.

This litigation involves only three ac-
tions in two districts. Where only a mini-
mal number of actions are involved, the
proponent of centralization bears a heavier
burden to demonstrate that centralization
is appropriate. *See In re: Transocean
Ltd. Sec. Litig. (No. II)*, 753 F.Supp.2d
1373, 1374 (J.P.M.L.2010). Moving defen-
dants have failed to meet that burden
here. There are effectively only two ac-
tions, given that the Southern District Cal-
ifornia actions are brought by the same
plaintiff and the same counsel, and the
actions are related before a single judge.

Transfer *via* Section 1404(a) often
stands as a viable alternative to centraliza-
tion. Transfer under Section 1404 is par-
ticularly appropriate here, where the liti-
gation is in its infancy and all parties are
willing to litigate in the Southern District
of California.[2] In the three months that
this motion has been pending, there have
been no potential tag-along actions filed,

---

1. Defendants' motion originally included an
   action filed in the Central District of Califor-
   nia (*Wilson*) that was dismissed on January
   21, 2015; plaintiff in *Wilson* joined the
   amended complaint in the Southern District
   of California *Petkevicius II* action. Upon dis-
   missal of *Wilson,* defendants amended their
   motion to add the Northern District of Cali-
   fornia *Korolshteyn* action and thus retain the
   litigation's multidistrict character.

2. *See In re: Gerber Probiotic Prods. Mktg. &
   Sales Practices Litig.,* 899 F.Supp.2d 1378,
   1379 (J.P.M.L.2012) ("The Panel has often
   stated that centralization under Section 1407
   'should be the last solution after considered
   review of all other options.' ") (quoting *In re:
   Best Buy Co., Inc., California Song–Beverly
   Credit Card Act Litig.,* 804 F.Supp.2d 1376,
   1378 (J.P.M.L.2011)).

and plaintiff in the outlying Northern District of California action has responded in support of centralization in the Southern District of California. At oral argument, the parties expressed their willingness to consent to Section 1404 transfer to the Southern District of California. In these circumstances, centralization is unnecessary.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

## SCHEDULE A

MDL No. 2608 — IN RE: NBTY, INC., GINKGO BILOBA MARKETING AND SALES PRACTICES LITIGATION

*Northern District of California*

*KOROLSHTEYN v. COSTCO WHOLE-SALE CORP.*, C.A. No. 3:14–05447

*Southern District of California*

*PETKEVICIUS v. REXALL SUN-DOWN, INC., ET AL.*, C.A. No. 3:14–02482

*PETKEVICIUS v. NBTY, INC., ET AL.*, C.A. No. 3:14–02616