**1356**

IN RE: HSBC TELEPHONE CON-
VERSATION RECORDING
LITIGATION

MDL No. 2649

United States Judicial Panel on
Multidistrict Litigation.

October 21, 2015

Before Marjorie O. Rendell, Charles R.
Breyer, Lewis A. Kaplan, Ellen Segal
Huvelle, R. David Proctor, and Catherine
D. Perry, Judges of the Panel

## REVISED ORDER DENYING TRANSFER

Sarah S. Vance, Chair,

**Before the Panel:** Plaintiffs in three
Central District of California actions move
under 28 U.S.C. § 1407 to centralize pre-
trial proceedings in this litigation in the
Central District of California. The litiga-
tion consists of four actions, listed on
Schedule A, that challenge the propriety of
HSBC's alleged recording of certain calls
with customers who had defaulted on their
credit card accounts. Plaintiffs in the
Southern District of California action (*Me-
deiros* ), along with the HSBC [1] and Capi-
tal One [2] defendants oppose centralization.

On the basis of the papers filed and the
hearing session held, we conclude that cen-
tralization is not necessary to serve the
convenience of the parties and witnesses
or further the just and efficient conduct of
this litigation. These actions without
doubt share some factual questions.
Plaintiffs allege that HSBC contacted class
members regarding their accounts and,
without their consent, recorded the tele-
phone calls. Plaintiffs bring claims under
California's Invasion of Privacy Act, Cali-
fornia Penal Code, § 630, *et seq.*, on behalf
of similar California classes. Recently,
however, the parties in the Southern Dis-
trict of California action reached a settle-
ment that has the potential to extinguish
the class claims of the plaintiffs in the
other actions. This settlement is the sub-
ject of a pending motion for preliminary

---

1. HSBC Card Services Inc.; HSBC Technolo-
gy and Services USA Inc.; and HSBC Card &
Retail Services, Inc.

2. Capital One, N.A., and Capital One Finan-
cial Corp. purchased defendant HSBC Card
Services, Inc., in May 2012.

approval in *Medeiros,* and moving plaintiffs are seeking to intervene in that proceeding.

We are not convinced that centralization is necessary to ensure the efficient conduct of these cases. If the settlement in *Medeiros* is preliminarily approved, then moving plaintiffs presumably can raise their objections to the settlement and any other concerns that they may have at a fairness hearing regarding the proposed settlement.[3]

Aside from the settlement posture of *Medeiros,* other reasons exist to deny centralization in these circumstances. Where only a minimal number of actions are involved, the proponents of centralization bear a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II),* 753 F.Supp.2d 1373, 1374 (J.P.M.L.2010). Movants have not met that burden. Because the four actions are pending before only two judges in adjacent districts, informal coordination of the actions, if necessary following the review of the putative settlement in *Medeiros,* appears practicable.

To the extent that there is any possibility of duplicative discovery or inconsistent pretrial rulings, voluntary cooperation and coordination among the parties and the two involved courts are preferable to formal centralization. *See, e.g., In re: Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

## SCHEDULE A

MDL No. 2649 — IN RE: HSBC TELEPHONE CONVERSATION RECORDING LITIGATION

*Central District of California*

*Lindgren v. HSBC Card & Retail Services, Inc., et al.,* C.A. No. 2:14–05615

*Fanning, et al. v. HSBC Card Services, Inc., et al.,* C.A. No. 8:12–00885

*Fanning, et al. v. HSBS Card Services, Inc., et al.,* C.A. No. 8:14–01300

*Southern District of California*

*Medeiros, et al. v. HSBC Card & Retail Services, Inc.,* C.A. No. 3:14–01786

---

**3.** *See In re DirectBuy, Inc., Mktg. & Sales Practices Litig.,* 682 F.Supp.2d 1349, 1350 (J.P.M.L.2010) ("We do not consider the DirectBuy defendants' apparent preference to negotiate with certain plaintiffs' counsel over counsel for other plaintiffs as particularly relevant to our primary statutory inquiry ... if (as some plaintiffs presume) plaintiffs in one or more of the actions reach a nationwide settlement with the DirectBuy defendants, plaintiffs in the non-settling actions should reasonably anticipate an opportunity to object to the proposed settlement at any fairness hearing regarding the proposed settlement.").