## IN RE: 3M COMPANY LAVA ULTIMATE PRODUCTS LIABILITY LITIGATION

### MDL No. 2727

United States Judicial Panel on Multidistrict Litigation.

August 5, 2016

Before Sarah S. Vance, Chair, Marjorie O. Rendell, Charles R. Breyer, Lewis A. Kaplan, Ellen Segal Huvelle, R. David Proctor, Catherine D. Perry, Judges of the Panel.

### ORDER DENYING TRANSFER

Sarah S. Vance, Chair

**Before the Panel:** Plaintiffs in an action pending in the District of Minnesota (*Bhatia*) move under 28 U.S.C. § 1407 to centralize their action and an action pending in the Southern District of Florida (*Fernandez*) in the District of Minnesota. The actions are listed on the attached Schedule A. The Panel has been informed of four additional related federal actions, all of which are pending in the District of Minnesota.

Plaintiff in one of the three Minnesota tag-along actions (*Lembo*) supports centralization in the District of Minnesota. Both the *Fernandez* plaintiff and common defendant 3M Company (3M) oppose centralization.

On the basis of the papers filed and the hearing session held, we deny the *Bhatia* plaintiffs' motion. It is undisputed that these actions share factual questions arising from allegations that 3M misrepresented the suitability and durability of its Lava Ultimate Restorative product for use in dental procedures involving crowns, and that, when used for this purpose, the product fails or debonds at an unacceptably high rate. Nevertheless, we are not convinced that centralization under Section 1407 is warranted in these circumstances. Only six related actions currently are pending in only two districts, and 3M represents that counsel for plaintiffs in the four Minnesota actions have agreed to consolidation of those actions. Thus, there are, as a practical matter, only two involved actions.[1] Movants have not met their burden of demonstrating the need for centralization of such a small number of actions. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F.Supp.2d 1373, 1374 (J.P.M.L. 2010) ("As we have stated in the past, where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization.").

We also note that in the *Fernandez* action, 3M has moved to transfer the action to the District of Minnesota under 28 U.S.C. § 1404. If the Southern District of Florida court grants that motion, that would moot the issue of centralization. As we previously have held, where "a reasonable prospect" exists that the resolution of a Section 1404 motion or motions could

---

1. Although the *Bhatia* plaintiffs contend that more related actions likely will be filed, we are "disinclined to take into account the mere possibility of future filings in our centralization calculus." *See In re: Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 959 F.Supp.2d 1375, 1375 (J.P.M.L. 2013).

eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to centralization. *See, e.g., In re: Gerber Probiotic Prods. Mktg. and Sales Practices Litig.*, 899 F.Supp.2d 1378, 1379 (J.P.M.L.2012). Such a prospect appears to exist here.

Finally, even if Section 1404 transfer of *Fernandez* is denied, the minimal number of actions suggests that informal coordination and cooperative efforts by the parties and involved courts should be sufficient to minimize or eliminate duplicative discovery and other pretrial proceedings. *See, e.g., In re: Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also* Manual for Complex Litig., Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

### SCHEDULE A

MDL No. 2727 — **IN RE: 3M COMPANY LAVA ULTIMATE PRODUCTS LIABILITY LITIGATION**

Southern District of Florida

*LAZARO FERNANDEZ, DDS, P.A. v. 3M COMPANY*, C.A. No. 1:16–21490

District of Minnesota

*BHATIA, ET AL. v. 3M COMPANY*, C.A. No. 0:16–01304