SARAH S. VANCE, Chair
Before the Panel :* Plaintiffs in two actions pending in the District of Arizona (Peralta ) and the Northern District of Illinois (Bailey ) move under 28 U.S.C. § 1407 to centralize this litigation in the Central District of California. The litigation consists of four actions pending in four districts, as listed on Schedule A. Plaintiffs in the Central District of California action (Marmont ) oppose the motion. All responding defendants[1] oppose centralization.
After considering the argument of counsel, we conclude that Section 1407 centralization of this litigation is not necessary. The actions here involve injuries arising from the use of handheld torches that were attached to small gas cylinders. But the common defects alleged by moving plaintiffs-failure of a safety feature known as a "fracture groove" where the gas cylinder connects to the torch and allegedly defectively thin metal cylinders-do not appear to be at issue in the two cases that were not brought by these plaintiffs. Marmont involves failure of a pressure relief valve due to corrosion, and the District of South Carolina Lofton plaintiff alleges that his injuries were due to a cylinder fracture caused by phosphorus embrittlement (an issue not present in cases involving propane cylinders because phosphorus is not used in the braze paste in these tanks). More broadly, the defendants, products[2] and circumstances of each plaintiff's injuries arising from use of a handheld torch vary considerably from action to action, and movants offer few concrete examples of duplicative discovery.
In litigation such as this, where only a few actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. See In re: Transocean Ltd. Sec. Litig. (No. II) , 753 F.Supp.2d 1373, 1374 (J.P.M.L. 2010). Moving plaintiffs have *1381 failed to do so here. This litigation involves only four actions filed in four districts between February 2016 and September 2017. Two of these actions are procedurally advanced. Discovery is largely concluded in the Central District of California action, in which summary judgment motions are under advisement, and the case is nearly ready for trial. Further, the Northern District of Illinois action is substantially progressed and nearing the close of discovery. We see few pretrial efficiencies to be gained by centralizing these actions. Informal coordination of discovery and pretrial motions, if it is even needed, is preferable to centralization in these circumstances. See, e.g., In re: Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig. , 446 F.Supp. 242, 244 (J.P.M.L. 1978) ; MANUAL FOR COMPLEX LITIGATION, Fourth, § 20.14 (2004).
IT IS THEREFORE ORDERED that the motion for Section 1407 centralization of the actions listed on Schedule A is denied.
SCHEDULE A
MDL No. 2823 - IN RE: BERNZOMATIC AND WORTHINGTON BRANDED HANDHELD TORCH PRODUCTS LIABILITY LITIGATION
District of Arizona
PERALTA v. WORTHINGTON INDUSTRIES INCORPORATED, ET AL., C.A. No. 2:17-03195
Central District of California
MARMONT, ET AL. v. BERNZOMATIC CORP., ET AL., C.A. No. 2:16-00848
Northern District of Illinois
BAILEY v. BERNZOMATIC, ET AL., C.A. No. 1:16-07548
District of South Carolina
LOFTON v. IRWIN INDUSTRIAL TOOL COMPANY, ET AL., C.A. No. 2:17-01358

Judge Lewis A. Kaplan did not participate in this decision.

Western Industries, Inc.; Victor Technologies International, Inc.; Schrader-Bridgeport International, Inc., and Sensata Technologies, Inc.; Bernzomatic Corp., Irwin Industrial Tool Co., Newell Rubbermaid, Inc., and Newell Brands Inc.; Worthington Cylinder Corp., Worthington Cylinders Wisconsin LLC, Worthington Industries Inc., and Lowe's Companies, Inc.

The cylinders are different in their physical structure (non-refillable tall (NRT) versus non-refillable short (NRS) ), the materials used to braze component parts together (copper only versus a mixture of nickel, copper, and phosphorous), and the gas they contain (Propane versus MAPP). The torches (TS8000, TS6000, TS4000, and the UL2317 Brass Pencil) are, likewise, different in their physical structure, design, and intended use.