In re: **TYSON FOODS, INC., MEAT PROCESSING FACILITIES FAIR LABOR STANDARDS ACT (FLSA) LITIGATION.**

**MDL No. 1986.**

United States Judicial Panel on Multidistrict Litigation.

Oct. 9, 2008.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, and W. ROYAL FURGESON, JR., Judges of the Panel.

**ORDER DENYING TRANSFER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** This litigation currently consists of three actions each in the Southern District of Iowa and the District of Nebraska, and one action each in the Central District of Illinois, Northern District of Indiana, Northern District of Iowa, and District of Kansas as listed on Schedule A.[1] Before the Panel is a motion with respect to *Lewis Cunningham v. Tyson*

**1.** Pursuant to a stipulation by the parties, the movants have since withdrawn their motion

brought, pursuant to 28 U.S.C. § 1407, by defendants Tyson Foods, Inc., and Tyson Fresh Meats, Inc. (collectively Tyson) for coordinated or consolidated pretrial proceedings in the District of Kansas of these ten actions.

Plaintiffs in all actions oppose the motion. Certain plaintiffs suggested centralization of some or all of the actions in the District of Kansas, District of Nebraska or Southern District of Iowa if the Panel granted the motion over their objections.

Plaintiffs in all actions are or were employed at a Tyson beef or pork processing facility. Plaintiffs allege that Tyson has violated the overtime provision of the Fair Labor Standards Act and parallel state laws by failing to compensate employees for, *inter alia,* time spent putting on and taking off sanitary and protective clothing worn while performing productive work.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Discovery is likely to be plant-specific and proceed on a plant-by-plant basis. Moreover, the actions do not involve overlapping classes, and the actions are at somewhat different procedural stages. The proponents of centralization have failed to convince us that any common questions of fact among these actions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. Counsel in all actions can avail themselves of alternatives to transfer that may minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monoh-*

*ydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for transfer, pursuant to 28 U.S.C. § 1407, is denied.

### SCHEDULE A

MDL No. 1986—IN RE: TYSON FOODS, INC., MEAT PROCESSING FACILITIES FAIR LABOR STANDARDS ACT (FLSA) LITIGATION

*Central District of Illinois*

John Murray, et al. v. Tyson Foods, Inc., C.A. No. 4:08–4001

*Northern District of Indiana*

David R. Carter, et al. v. Tyson Foods, Inc., et al., C.A. No. 3:08–209

*Northern District of Iowa*

Dale T. Sharp, et al. v. Tyson Foods, Inc., C.A. No. 5:07–4009

*Southern District of Iowa*

Guadalupe Briseno Salazar, et al. v. Tyson Foods, Inc., C.A. No. 1:08–17

Gary Ray Robinson, et al. v. Tyson Foods, Inc., C.A. No. 3:07–88

Thongliane Edwards, et al. v. Tyson Foods, Inc., C.A. No. 4:08–113

*District of Kansas*

Adelina Garcia, et al. v. Tyson Foods, Inc., et al., C.A. No. 2:06–2198

*District of Nebraska*

Dimas Lopez, et al. v. Tyson Foods, Inc., C.A. No. 8:06–459

Jose A. Gomez, et al. v. Tyson Foods, Inc., C.A. No. 8:08–21

*Fresh Meats, Inc.,* M.D. Tennessee, C.A. No. 3:08–523.

**1376**

*Manuel Acosta, et al. v. Tyson Foods, Inc.,*
C.A. No. 8:08–86