## In re: STAPLES, INC., WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION.

### MDL No. 2025.

United States Judicial Panel on Multidistrict Litigation.

April 14, 2009.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR., Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Sole defendant Staples, Inc. (Staples) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of New Jersey or alternatively the District of Massachusetts. Plaintiffs in all six actions either support or do not oppose the centralization. Plaintiffs in four actions favor selection of the District of New Jersey, while plaintiffs in two actions propose centralization in the District of Connecticut. These latter plaintiffs alternatively support selection of the New Jersey district.

This litigation currently consists of six actions pending in five districts, two actions in the District of Massachusetts and one action each in the District of Connecticut, the District of New Jersey, the Eastern District of New York and the Western District of Pennsylvania.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Each action arises out of allegations that Staples assistant, operations and/or sales managers are entitled to overtime pay under the Fair Labor Standards Act and/or various state wage and hour statutes. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of New Jersey is an appropriate transferee forum for this litigation, because (1) this choice is supported by all parties at least in the alternative, and (2) this district is already presiding over a similar action against Staples which is in its final stages.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Katharine S. Hayden for coordinated or consolidated pretrial proceedings with the action pending there.

## APPENDIX A

**MDL No. 2025 — IN RE: STAPLES, INC., WAGE & HOUR EMPLOYMENT PRACTICES LITIGATION**

*District of Connecticut*

*Omar Morrison, et al. v. Staples, Inc.,* C.A. No. 3:08–616

*District of Massachusetts*

*Jeffrey Ciotti v. Staples, Inc.,* C.A. No. 1:08–11305

*Christopher Price v. Staples, Inc.,* C.A. No. 1:09–10008

*District of New Jersey*

*N'Gai George v. Staples, Inc.,* C.A. No. 2:08–5746

*Eastern District of New York*

*Vishal Sharma v. Staples, Inc.,* C.A. No. 1:08–3932

*Western District of Pennsylvania*

*Robert Zelinsky, et al. v. Staples, Inc.,* C.A. No. 2:08–684