**In re: RITE AID CORP. WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION.**

**MDL No. 2105.**

United States Judicial Panel on Multidistrict Litigation.

Dec. 2, 2009.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR. and DAVID G. TRAGER, Judges of the Panel.

**ORDER DENYING TRANSFER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** This litigation currently consists of two actions each in the Southern District of New York and the Middle District of Pennsylvania and one action each in the District of Maryland and

the District of New Jersey as listed on Schedule A.[1] Named plaintiffs and opt-in plaintiffs in one Middle District of Pennsylvania action (Craig) along with the named plaintiffs in the District of Maryland action, District of New Jersey action and other Middle District of Pennsylvania action move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Middle District of Pennsylvania.

Plaintiffs in the two actions and the related action in the Southern District of New York support the motion for centralization but suggest the Southern District of New York as the appropriate transferee district. Defendants Rite Aid Corp., Rite Aid of New York, Inc., and Eckerd Corp. d/b/a Rite Aid (collectively Rite Aid) oppose the motion. In the event the Panel grants the motion over their objections, these defendants agree that the Middle District of Pennsylvania is the proper transferee district.

Plaintiffs in all actions allege that Rite Aid has violated the overtime provision of the Fair Labor Standards Act or parallel state laws by failing to pay overtime compensation to assistant store managers, and in some cases store managers.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Discovery is likely to require an individualized, factual inquiry into the job duties performed by each employee, and the plaintiffs assert violations of various state wage laws, which have differing provisions. The proponents of centralization have failed to convince us that any common questions of fact among these actions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. Counsel in all actions can avail themselves of alternatives to transfer that may minimize whatever possibilities there are of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004). Cooperation among counsel and the parties is particularly appropriate here, where plaintiffs in four of the six actions encompassed by the motion share counsel.

IT IS THEREFORE ORDERED that the motion for transfer, pursuant to 28 U.S.C. § 1407, is denied.

## SCHEDULE A

MDL No. 2105 — **In re Rite Aid Corp. Wage & Hour Employment Practices Litigation**

*District of Maryland*
*James Fisher v. Rite Aid Corp., et al.,* C.A. No. 1:09–1909

*District of New Jersey*
*Justin Torres v. Rite Aid Corp.,* C.A. No. 3:09–2922

*Southern District of New York*
*Yatram Indergit v. Rite Aid Corp., et al.,* C.A. No. 1:08–9361
*Angel Naula, et al. v. Rite Aid of New York, Inc.,* C.A. No. 1:08–11364

---

1. The motion before us initially encompassed another action in the Middle District of Pennsylvania and an action in the Northern District of Ohio. Plaintiffs to the Middle District of Pennsylvania action filed a notice of voluntary dismissal, and the action was accordingly dismissed. The Northern District of Ohio action was transferred under 28 U.S.C. § 1404 to the Middle District of Pennsylvania. Also, the parties have notified the Panel of a related action pending in the Southern District of New York.

*Middle District of Pennsylvania*
*Shirley Craig v. Rite Aid Corp., et al.,* C.A. No. 4:08–2317
*Robert T. Vasvari v. Rite Aid Corp., et al.,* C.A. No. 1:09–2069