## In re: CVS CAREMARK CORP. WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION.

### MDL No. 2134.

United States Judicial Panel on Multidistrict Litigation.

Feb. 12, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN *, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., and DAVID G. TRAGER, Judges of the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel** *: Plaintiffs in two actions pending in the District of Rhode Island and one action pending in the Eastern District of New York action have moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in the District of Rhode Island. This litigation currently consists of a total of seven actions: the aforementioned three actions, two actions in the Southern District of Florida, and one action each in the District of Connecticut and the Southern District of New York, as listed on Schedule A.

Plaintiffs in the four other constituent actions oppose centralization, as do defendants CVS Caremark Corp.; CVS Pharmacy, Inc.; CVS Albany, L.L.C.; Hook SupeRx, L.L.C.; New Jersey CVS Pharmacy, L.L.C.; Massachusetts CVS Pharmacy, L.L.C.; Holiday CVS, L.L.C.; and Bethel CVS, Inc. If the Panel orders centralization over their objections, these parties ask that the Panel select the Southern District of New York as transferee district.

For the reasons that follow, the Panel denies the motion to centralize under 28 U.S.C. 1407.

### I.

Over the past several years, the Panel has routinely centralized dockets such as this one—that is, where the constituent actions involved allegations that the defendant or defendants failed to pay a group of employees overtime wages in violation of the Fair Labor Standards Act (FLSA) and/or state law, and where nationwide collective action certification was sought. *See, e.g., In re: Sepracor Inc. Fair Labor Standards Act (FLSA) Litigation,* 629 F.Supp.2d 1356 (J.P.M.L.2009); *In re: Staples, Inc., Wage and Hour Employment Practices Litigation,* 609 F.Supp.2d 1377 (J.P.M.L.2009); *In re Family Dollar Stores, Inc., Wage and Hour Employment Practices Litigation,* 545 F.Supp.2d 1363 (J.P.M.L.2008). The Panel has taken this opportunity to review those dockets and to consult informally with the respective transferee judges in each of them. Quite reasonably, the common defendants in these dockets sought the convenience of defending all the actions against them in a single venue. The Panel had reason to believe that the defendants' relevant corporate employment policies applied consistently throughout their locations or that their common practices would outweigh any limited variances at individual localities or offices. Finally, the presence of state law claims or statewide putative classes, in addition to claims under the FLSA, has not presented an impediment to centralization, as it is "within the very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation for the transferee judge to be called upon to apply the law of more than one state." [1] *In re Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975,* 407 F.Supp. 244 (J.P.M.L.1976). In

---

* Judge Hansen took no part in the disposition of this matter.

1. A transferee judge is always free to suggest early remand of state law claims, especially where he or she believes that such claims would be more appropriately resolved by the transferor court or courts. *See* 28 U.S.C. § 1407(a) (providing that a claim may be remanded "at or before" the conclusion of pretrial proceedings).

these circumstances, the Panel concludes that its past decisions have promoted the mandate of Section 1407 by creating significant litigation efficiencies and judicial clarity for parties, attorneys, and judges.

Nevertheless, we do not "rubber stamp" in any docket, and, indeed, in some other FLSA dockets, we have found the case for centralization to be less convincing, particularly where (1) the duties of the subject employees appeared to be subject to significant local variances, (2) the defendants and/or some of the plaintiffs opposed centralization, or (3) only a few or procedurally dissimilar cases were involved. *See In re: Rite Aid Corp. Wage and Hour Employment Practices Litigation,* 655 F.Supp.2d 1376 (J.P.M.L.2009); *In re: U.S.A. Exterminators, Inc., Fair Labor Standards Act (FLSA) Litigation,* 588 F.Supp.2d 1378 (J.P.M.L.2008); *In re: Tyson Foods, Inc., Meat Processing Facilities Fair Labor Standards Act (FLSA) Litigation,* 581 F.Supp.2d 1374 (J.P.M.L. 2008).

## II.

Here, the seven constituent actions contain similar allegations that defendants failed to pay their assistant store managers overtime wages in violation of the FLSA and/or state law. The record before us also suggests that discovery in each action is likely to involve individualized, location-specific examination of things such as a particular assistant manager's job duties and the specific tasks assigned to them in a given store or locality. While some common discovery will be necessary to determine whether and to what extent the corporate parent controlled the duties of those employees, such questions should entail only a limited inquiry. Here, the potential for significant individual discov-

ery tilts the balance against centralization. *See In re: Rite Aid Corp. Wage and Hour Employment Practices Litigation,* 655 F.Supp.2d at 1377.

The presence of procedural disparities among constituent cases is another factor that can weigh against centralization. Here, the constituent actions present quite different procedural postures. A significant amount of discovery has already taken place in the Southern District of Florida *Henderson* action, and a motion for conditional certification is pending in the Southern District of New York *Cruz* action. By contrast, little, if any, pretrial activity has occurred in the more recently filed Eastern District of New York *Ducasse* and District of Rhode Island *Belanger* actions.

Other circumstances in the present cases also weigh against centralization. A clear majority of plaintiffs, as well as all defendants, oppose centralization. Although movants are plaintiffs in three of the seven actions, they are all represented by the same law firm, which filed the first action in early 2009 but then commenced the two others immediately prior to filing this Section 1407 motion. Consequently, the true opposition to centralization is quite one-sided. Such an unusual alignment of parties and counsel suggests the possibility of other considerations at play. Admittedly, the Panel's primary purpose is not to divine the motives and strategies of the various litigants. Indeed, those considerations are most often irrelevant to our decision making. Nevertheless, where a Section 1407 motion appears intended to further the interests of particular counsel more than those of the statute, we would certainly find less favor with it.

After carefully considering all these circumstances, we are not persuaded that

Section 1407 centralization here would sufficiently further the purposes of the statute. Available alternatives to centralization may minimize whatever possibilities might arise of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these seven actions is denied.

## SCHEDULE A

MDL No. 2134 — **IN RE: CVS CARE-MARK CORP. WAGE AND HOUR EM-PLOYMENT PRACTICES LITIGA-TION**

*District of Connecticut*

*Antoinette McLean v. CVS Caremark Corp., et al.,* C.A. No. 3:09–345

*Southern District of Florida*

*Joachim E. Traebecke v. Holiday CVS, LLC, et al.,* C.A. No. 1:09–22553

*Kristy Henderson, et al. v. Holiday CVS, LLC, et al.,* C.A. No. 9:09–80909

*Eastern District of New York*

*Elizabeth Ducasse v. CVS Caremark Corp., et al.,* C.A. No. 1:09–4359

*Southern District of New York*

*Reinaldo Cruz, et al. v. Hook–Superx, LLC, et al.,* C.A. No. 1:09–7717

*District of Rhode Island*

*William Nash, et al. v. CVS Caremark Corp., et al.,* C.A. No. 1:09–79

*Jeanette Belanger v. CVS Caremark Corp., et al.,* C.A. No. 1:09–522