IN RE: HOME DEPOT U.S.A.,
INC., WAGE AND HOUR
LITIGATION.

MDL No. 2282.

United States Judicial Panel on
Multidistrict Litigation.

Oct. 11, 2011.

Before KATHRYN H. VRATIL, Acting
Chair, FRANK C. DAMRELL, JR.,
BARBARA S. JONES, PAUL J.
BARBADORO, and MARJORIE O.
RENDELL, Judges of the Panel.

## ORDER DENYING TRANSFER

KATHRYN H. VRATIL, Acting Chair.

**Before the Panel:**\* Pursuant to 28
U.S.C. § 1407, plaintiffs move to centralize
this litigation in the District of New Jer-
sey. This litigation currently consists of
seven actions pending in six districts, as
listed on Schedule A. Defendant Home
Depot U.S.A., Inc. (Home Depot) opposes
centralization.

On the basis of the papers filed and
hearing session held, we are not persuad-
ed that Section 1407 centralization would
serve the convenience of the parties and
witnesses or further the just and efficient
conduct of this litigation. All actions stem
from the decertification of a conditionally
certified nationwide collective action,
which has been pending in the District of
New Jersey since 2004 (*Aquilino*). While
these actions share questions of fact relat-
ing to allegations that Home Depot mis-
classifies Merchandising Assistant Store
Managers (MASMs), we have previously
held that a motion for centralization of
wage and hour cases is less convincing
where, as here, "the duties of the subject
employees appeared to be subject to sig-

nificant local variances." *In re CVS Care-
mark Corp. Wage & Hour Emp't Prac-
tices Litig.,* 684 F.Supp.2d 1377, 1379
(J.P.M.L.2010); *see also In re Rite Aid
Corp. Wage & Hour Emp't Practices Li-
tig.,* 655 F.Supp.2d 1376 (J.P.M.L.2009).
The District of New Jersey decertified the
conditional certification of the *Aquilino*
collective class, holding that "there are
substantial differences in the factual and
employment settings of the Opt–Ins. The
deposition evidence clearly establishes that
MASM job responsibilities and duties var-
ied from MASM to MASM, from store to
store, from shift to shift, and in some
cases from subordinate employee to subor-
dinate employee." *Aquilino v. Home De-
pot, U.S.A., Inc.,* 2011 WL 564039, at \*9,
2011 U.S. Dist. LEXIS 15759, at \*25
(D.N.J. Feb. 15, 2011).

While the decertification order does not
dictate our decision, the court's language is
compelling. Accordingly, we are not per-
suaded that centralization is necessary to
prevent overlapping discovery. In fact,
given the advanced stage of the *Aquilino*
action and the complete overlap of counsel
in all actions, it does not appear that much
further discovery is necessary at all, aside
from plaintiff-specific discovery, and the
discovery produced in *Aquilino* can be uti-
lized by the parties to all actions. Further
alternatives to transfer exist that may min-
imize whatever possibilities there are of
duplicative discovery or inconsistent pre-
trial rulings. *See, e.g., In re Eli Lilly and
Company (Cephalexin Monohydrate) Pat-
ent Litigation,* 446 F.Supp. 242, 244
(J.P.M.L.1978); *In re Rite Aid,* 655
F.Supp.2d at 1377; *see also Manual for
Complex Litigation, Fourth,* § 20.14
(2004).

\* Judge John G. Heyburn II and Judge W. Royal
Furgeson, Jr. took no part in the decision of
this matter.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

## SCHEDULE A

**MDL No. 2282 — IN RE: HOME DEPOT U.S.A., INC., WAGE AND HOUR LITIGATION**

*Eastern District of Arkansas*

*Donald Love, et al. v. Home Depot U.S.A., Inc.,* C.A. No. 4:11–00485

*Northern District of California*

*Harold Smalley, et al. v. Home Depot U.S.A., Inc.,* C.A. No. 3:11–02951

*Southern District of California*

*John Ambrosino, et al. v. Home Depot U.S.A., Inc.,* C.A. No. 3:11–01319

*District of Connecticut*

*James D. Costello, et al. v. Home Depot U.S.A., Inc.,* C.A. No. 3:11–00953

*Northern District of Illinois*

*Todd W. Addison, et al. v. Home Depot U.S.A., Inc.,* C.A. No. 1:11–04086

*District of New Jersey*

*Nick Aquilino, et al. v. Home Depot U.S.A., Inc., et al.,* C.A. No. 3:04–04100

*Jerome A. Johnson, et al. v. Home Depot U,S.A., Inc.,* C.A. No. 3:11–03561