James D. COSTELLO, et al., Plaintiffs,

v.

HOME DEPOT U.S.A., INC., Defendant.

Civil Action No. 3:11–CV–00953 (JCH).

United States District Court, D. Connecticut.

April 10, 2012.

Caitlin Duffy, Olimpio Lee Squitieri, Squitieri & Fearon, New York, NY, Mark P. Kindall, Nancy A. Kulesa, Robert A. Izard, Jr., Izard Nobel, LLP, West Hartford, CT, for Plaintiffs.

**RULING RE: DEFENDANT'S MOTION TO SEVER PLAINTIFFS' CLAIMS AND TRANSFER VENUE AND FOR A STAY (Doc. No. 55)**

JANET C. HALL, District Judge.

## I. INTRODUCTION

Thirty-nine plaintiffs bring this case against Home Depot U.S.A., Inc. ("Home Depot"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the wage and hour laws of New Hampshire, New York, and Vermont. Home Depot moves to sever the claims of the thirty-five non-Connecticut plaintiffs and transfer their claims to the six other states in which they reside. Home Depot also moves to stay this case pending the resolution of its Motion to Sever and Transfer. For the reasons that follow, the Motion to Sever and Transfer is granted, and the Motion to Stay is denied as moot.

## II. BACKGROUND

In 2004, the forerunner of this case, *Aquilino v. Home Depot*, was filed in the District of New Jersey, alleging, *inter alia*, that Home Depot misclassified merchandising assistant store managers ("MASMs") as exempt employees to avoid paying overtime as required by the FLSA. Plaintiffs alleged that MASMs, in actuality, have little or no management responsibility and should have been paid overtime. In 2006, the *Aquilino* court conditionally certified a nationwide collective action by

MASMs under section 216b of the FLSA. *See Aquilino v. Home Depot*, No. CIV 04–CV–4100 PGS, 2006 WL 2583563 at *1 (D.N.J. Sept. 7, 2006). Opt-in plaintiffs moved for class and sub-class certification of twenty-five state law claims pursuant to Federal Rule of Civil Procedure 23, which the court denied. *See Aquilino v. Home Depot*, No. CIV 04–CV–4100 PGS, 2006 WL 2023539 at *1 (D.N.J. July 17, 2006).

The parties engaged in discovery, including "corporate level discovery from the Home Depot," and depositions of about sixty of the opt-in plaintiffs. Tr. of Telephonic Status Conference (Doc. No. 65) at 11. After a period of discovery, the *Aquilino* court granted Home Depot's Motion to Decertify the conditional FLSA collective action. *See Aquilino v. Home Depot*, No. CIV 04–CV–4100 PGS, 2011 WL 564039 at *1 (D.N.J. Feb. 15, 2011). The court examined the deposition testimony of opt-in plaintiffs and found significant variation in the time MASMs spent performing exempt work and in their authority over subordinate employees. *See id.* at *2–4. The court found that MASMs had inconsistent ordering authority, *id.* at *3, inconsistent responsibility for employee grievances, *id.*, inconsistent responsibility for safety and security, *id.*, inconsistent authority to hire and terminate employees, *id.* at *4, and that they spent inconsistent portions of

their time performing non-exempt and/or manual tasks, *id.* The court found that, despite having the same job title, plaintiffs were not similarly situated because "MASM job responsibilities and duties varied from MASM to MASM, from store to store, from shift to shift, and in some cases from subordinate employee to subordinate employee." *Id.* at *9. The court further found that Home Depot's intention to present individualized evidence pertaining to defenses against approximately 1,500 plaintiffs would make "collective treatment ... unmanageable." *Id.*

After decertifying the collective action, the court dismissed the opt-in plaintiffs without prejudice. The former opt-in plaintiffs then filed six multi-plaintiff actions, one of which is the case before this court. Each of the six actions has between thirty-nine and 103 plaintiffs from a regional cluster of states. This case includes four plaintiffs who are or were employed in Connecticut,[1] fourteen plaintiffs who are or were employed in Massachusetts,[2] two plaintiffs who are or were employed in New Hampshire,[3] thirteen plaintiffs who are or were employed in New York,[4] three plaintiffs who are or were employed in Puerto Rico,[5] two plaintiffs who are or were employed in Rhode Island,[6] and one plaintiff who is or was employed in Vermont.[7] *See* Compl. (Doc. No. 1) ¶¶ 9–57

1. The "Connecticut plaintiffs" are James D. Costello, Aron J. Moore, Matthew Picco, and Aurora J. Rosentine.

2. The "Massachusetts plaintiffs" are Jefferey Allan Caldwell, Jourden Johnson, Robert E. Kenney, Patricia La Flore, Connie M. Leathers, Herbert J. Lichtenstein, Richard A. Main, Philip J. Martinos, Karen J. Obey, Richard F. Pavao, Lawrence Joseph Silipigni Jr., Dudley A. Smith, David Starr, and Elizabeth J. Wadden.

3. The "New Hampshire plaintiffs" are William T. Gover and Frank Morris.

4. The "New York plaintiffs" are Arthur R. Amash, Theodore Biagoiotti, Christopher Brehaut, Sheryl Glickman, Christin M. Holloway, Matthew C. Johnson, Shaun H. Kimball, Joseph L. Pangoine, Jefferey A. Repp, Charles R. Schneider, Richard A. Yingling Jr., Robert F. Yuskauskas, and Michael C. Zawadzki.

5. The "Puerto Rico plaintiffs" are Myrna Garcia, Antonio Rivera Melinder, and Luis J. Soto.

6. The "Rhode Island plaintiffs" are James D. Costello and John L. Marine.

7. The "Vermont plaintiff" is Richard A. Bessette.

(listing states of plaintiffs' employment); Second Am. Compl. (Doc. No. 43) (listing remaining plaintiffs).[8] After filing the six actions, plaintiffs moved to consolidate the actions for pretrial proceedings before the judicial panel on multidistrict litigation ("the Panel"). This action was stayed while the Panel considered consolidation. *See* Order Granting Stay (Doc. No. 15). The Panel held that centralization would not "serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation," and found compelling the *Aquilino* court's finding that "there are substantial differences in the factual and employment settings of the Opt–Ins." Order Denying Transfer, *In re Home Depot U.S.A., Inc., Wage and Hour Litigation*, 818 F.Supp.2d 1376 (J.P.M.L. 2011).

After the Panel denied the Motion to Consolidate, this court lifted its stay, *see* Order (Doc. No. 19), and Home Depot subsequently filed the Motion before the court. *See* Mot. to Sever (Doc. No. 55).

## III. MOTION TO SEVER

### A. *Standard*

■ Rule 21 provides that a court "may sever any claim against a party." Fed.R.Civ.P. 21. The decision whether to sever a claim "is committed to the sound discretion of the trial court." *Greystone Cmty. Reinv. Ass'n v. Berean Capital, Inc.*, 638 F.Supp.2d 278, 293 (D.Conn.2009) (internal quotations omitted). Courts consider whether: (1) the claims arise out of the same transaction or occurrence; (2) the claims present some common question of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) prejudice would be avoided;

and (5) different witnesses and documentary proof are required for the separate claims. *Id.*

### B. *Same Transaction or Occurrence*

■ Home Depot argues that plaintiffs' claims do not arise out of the same transaction or occurrence because each plaintiff's claim will require individual analysis. *See* Def.'s Mot. to Sever Claims and Transfer Venue and to Stay (Doc. No. 56) ("Def.'s Mot. to Sever and Transfer") at 9– 10. Plaintiffs argue that their claims meet the flexible standard that has been adopted by courts. *See* Pls.' Opp'n (Doc. No. 64) at 8–12.

■ Courts take a case-by-case approach to determining whether "a particular situation constitutes a transaction or occurrence for the purposes of Rule 20(a)." *Blesedell v. Mobil Oil Co.*, 708 F.Supp. 1408, 1421 (S.D.N.Y.1989). "Transaction" has been interpreted as a flexible term that may "comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship," and permits all "logically related claims by or against different parties to be tried in a single proceeding." *Id.* (internal quotations omitted). Interpreting the same language in the context of Rule 13, the Second Circuit has explained that this approach "attempts to determine whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir.1979); *see also Deskovic v. City of Peekskill*, 673

---

**8.** The court notes that James D. Costello is listed twice in the Complaint: once under Connecticut and once under Rhode Island. *See* Compl. (Doc. No. 1) at 1. The court further notes that Liza Logan, who is listed in the captions of both the Complaint and the Second Amended Complaint, is not included elsewhere in either document. *See id.*; Second Am. Compl. (Doc. No. 43) at 1.

F.Supp.2d 154, 166 (S.D.N.Y.2009) (citing *Aquavella* in the context of a motion to sever and determining that "Defendants' misconduct is too attenuated, factually and temporally, to support a causal connection").

Plaintiffs' claims arise out of their employment in different Home Depot stores, in different states, *see* Second Am. Compl. at 15–18, under different circumstances, *see Aquilino v. Home Depot*, No. CIV 04–CV–4100 PGS, 2011 WL 564039 at *8 (D.N.J. Feb. 15, 2011), and apparently performing different tasks, *see id.* at *9. Where, as here, plaintiffs' claims under the same statutory framework arise from different circumstances and would require separate analyses, they are not logically related. *See, e.g., Sanchez v. O'Connell*, No. 08cv706 (JBA), 2010 WL 7862797 at *2 (D.Conn. Sept. 27, 2010).

Plaintiffs argue that claims are logically related when they arise from the same type of transactions or occurrences, rather than the same transactions or occurrences. *See* Pls.' Opp'n at 9. To support this argument, plaintiffs rely on four cases that find a logical relationship among plaintiffs' claims sufficient to support joinder. *See id.* In each of these cases, however, plaintiffs alleged that defendants' wrongdoing was pursuant to a policy or practice. *See Puricelli v. CNA Ins. Co.*, 185 F.R.D. 139, 143 (N.D.N.Y.1999) ("plaintiffs have alleged a pattern of conduct … which discriminated against them"); *Fong v. Rego Park Nursing Home*, No. 95 Civ. 4445(SJ), 1996 WL 468660 at *3 (E.D.N.Y. Aug. 7, 1996) ("Although the events cited by the Plaintiffs may not constitute an official policy of Rego Park, … [they] constitute a pattern of severe disciplinary measures used against Plaintiffs allegedly on the basis of age and race."); *Blesedell v. Mobil Oil Co.*, 708 F.Supp. 1408, 1422 (S.D.N.Y. 1989) ("A company-wide policy purportedly designed to discriminate against females in

employment arises out of the same series of transaction or occurrences."); *Hohlbein v. Heritage Mut. Ins. Co.*, 106 F.R.D. 73, 77 (E.D.Wisc.1985) ("the Court finds persuasive the plaintiffs' characterization of the defendant's actions as demonstrative of a continuing pattern or practice with respect to its employment of admittedly unrelated individuals"); *see also Gerace v. Cliffstar Corp.*, No. 05–CV65S, 2009 WL 5042621 at *2 (W.D.N.Y. Dec. 15, 2009) ("each [plaintiff] claims to have suffered adverse job actions pursuant to a pattern and practice of disability discrimination").

In this case, plaintiffs do not seek to prove a pattern or practice, but rather must prove claims as to each plaintiff. *See generally* Second Am. Compl. Therefore, the court rejects the plaintiffs' argument that the same *type* of transaction or occurrence satisfies the "same transaction or occurrence" prong of Rule 20(a) in this case.

### C. *Common Question of Law or Fact*

██ "Rule 20(a) provides for a joinder of parties if there is *any* question of law or fact common to all." *Blesedell*, 708 F.Supp. at 1422 (emphasis in original). Plaintiffs in this case all allege that Home Depot improperly classified them as exempt from the FLSA overtime requirements, and all held or hold the same job of MASM. Therefore, although there exist individualized facts and circumstances relevant to each plaintiff, all plaintiffs share their allegations of misclassification under the FLSA and their job title and description as MASMs. Therefore, plaintiffs share a common question of law and fact.

### D. *Judicial Economy and Overlap of Evidence*

██ " 'The question [of judicial economy] in a severance … motion is whether separate trials will require *substantial* ov-

erlap of witnesses or documentary proof.'" *Deskovic v. City of Peekskill*, 673 F.Supp.2d 154, 171 (S.D.N.Y.2009) (quoting *In re Blech Sec. Litig.*, No. 94–CV–7696, 2003 WL 1610775 at *13 (S.D.N.Y. Mar. 26, 2003)). Home Depot contends that "there will be little to no shared testimony and documentary evidence," whereas plaintiffs assert that each plaintiff would offer the same evidence regarding corporate-level policies and compensation. Def.'s Mot. to Sever and Transfer at 11; Pls.' Opp'n at 15.

Although all of the plaintiffs shared the same job description, the substantial factual differences among the plaintiffs convinced each court considering this question that factual overlap among the plaintiffs' claims does not warrant that they proceed together. *See Aquilino v. Home Depot, U.S.A., Inc.*, No. 04–4100(PGS), 2011 WL 564039 (D.N.J. Feb. 15, 2011); *In re Home Depot U.S.A., Inc., Wage and Hour Litigation*, 818 F.Supp.2d 1376 (J.P.M.L.2011). While this court is not bound by those decisions, it notes their shared conclusion that keeping plaintiffs' claims together would not serve the goal of efficiency. *See Aquilino*, 2011 WL 564039 at *10 ("this Court has serious concerns as to whether a collective action would be most efficient"); *In re Home Depot U.S.A., Inc., Wage and Hour Litigation*, 818 F.Supp.2d 1376 (finding that the remaining discovery is plaintiff-specific rather than overlapping). Because the outstanding discovery is not shared among plaintiffs, and separate trials would rely on substantially different evidence, this factor tips in favor of severance.

### E. Avoiding Prejudice

■ Home Depot argues that it will be prejudiced if plaintiffs' claims are not severed because of the potential for jury confusion. *See* Def.'s Mot. to Sever and Transfer at 11. Plaintiffs contend that carefully drafted jury instructions can avoid prejudice to Home Depot, and that they will be prejudiced by the additional expense caused by severance. *See* Pls.' Opp'n at 16.

■ Severance is appropriate where a joint trial "could lead to confusion of the jury." *See, e.g., Deskovic v. City of Peekskill*, 673 F.Supp.2d 154, 171 (S.D.N.Y. 2009); *see also Blesedell v. Mobil Oil Co.*, 708 F.Supp. 1408, 1422 (S.D.N.Y.1989) ("the confusing nature of multiple claims and multiple demands for relief may be relevant to a demand for severance in a jury trial . . .").

Plaintiffs cite several cases to support their argument that clear jury instructions can cure the potential for prejudice in this case, each of which is distinguishable. In *Epstein*, for example, three plaintiffs alleged that they had been injured by the single defendant's policy permitting discrimination. *Epstein v. Kemper Ins. Co.*, 210 F.Supp.2d 308, 320 (S.D.N.Y.2002). The court denied the defendant's motion to sever because the plaintiffs alleged that they had been injured by the same policy and relied on the same evidence. *Id.* Plaintiffs also cite *Lewis*, a claim by two plaintiffs against three defendants for sexual harassment, retaliation, and discrimination. *See Lewis v. Triborough Bridge and Tunnel Auth.*, No. 97 Civ. 0607(PKL), 2000 WL 423517 (S.D.N.Y. Apr. 19, 2000). In that case, the court denied defendants' motion for separate trials pursuant to Rule 42 because "any prejudice or confusion can be remedied by a carefully drafted jury instruction," and because plaintiffs alleged a pattern of indifference to sexual harassment by their shared employer. *Id.* at *5. Finally, in *Duke v. Uniroyal*, the Fourth Circuit found that a jury could easily distinguish between evidence relating to the two plaintiffs' claims of age discrimination by the same employer that arose from the same reduction in workforce. *See Duke v.*

*Uniroyal, Inc.,* 928 F.2d 1413, 1420–21 (4th Cir.1991). None of the cases cited by plaintiffs involves the sheer number of parties presenting individualized evidence present in this case, and all of the cases involve claims of discrimination which rely in part on evidence of discriminatory policies or practices by the defendants. The court agrees with the defendants that individualized evidence as to the daily responsibilities of thirty-nine plaintiffs could easily confuse a jury even with the clearest of jury instructions.

Plaintiffs also argue that "[t]he added cost caused by severance, including, [sic] discovery and motion practice as well as retaining additional local counsel will be extremely prejudicial to the Plaintiffs, who for some have claims that are not very large." Pls.' Opp'n at 16. Because the remaining discovery is plaintiff-specific, *see In re Home Depot U.S.A., Inc., Wage and Hour Litigation,* 818 F.Supp.2d 1376 (J.P.M.L.2011), the court finds that severance is not likely to affect costs associated with discovery. As to the cost of retaining local counsel, the court agrees that this would be an additional cost for severed plaintiffs.

### G. *The Relevant Factors Favor Severance*

The court concludes that, although the plaintiffs share the question of whether they were misclassified by Home Depot, their claims do not arise out of the same transaction or occurrence, and judicial economy would not be served by trying them together. Further, it is likely that evidence as to the daily activities of thirty-nine different plaintiffs working in a great variety of locations would be confusing to a jury. Therefore, Home Depot's Motion to Sever is **GRANTED.** This action is hereby severed into seven separate actions.

### IV. MOTION TO TRANSFER

Home Depot moves to transfer the claims of the non-Connecticut plaintiffs to the six states in which those plaintiffs reside. Pursuant to section 1404(a) of Title 28 of the United States Code, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of establishing the propriety of transfer by a clear and convincing showing. *Excelsior Designs v. Sheres,* 291 F.Supp.2d 181, 185 (E.D.N.Y. 2003) (citing *Ford Motor Co. v. Ryan,* 182 F.2d 329, 330 (2d Cir.1950)); *see also United Rentals v. Pruett,* 296 F.Supp.2d 220, 228 (D.Conn.2003) (placing burden on movant despite presence of forum-selection clause); *O'Brien v. Okemo Mountain,* 17 F.Supp.2d 98, 102 (D.Conn.1998) (same). "Section 1404(a) reposes considerable discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Red Bull Associates v. Best Western Int'l,* 862 F.2d 963, 967 (2d Cir.1988) (internal citation omitted). In determining whether a transfer of venue pursuant to 28 U.S.C. § 1404(a) is appropriate, district courts engage in a two-part inquiry, asking: (1) whether an action "might have been brought" in the proposed transferee forum, and, if so, (2) whether the transfer promotes convenience and justice. *See MAK Marketing v. Kalapos,* 620 F.Supp.2d 295, 307 (D.Conn.2009); *see also Forjone v. California,* 425 Fed.Appx. 73, 74 (2d Cir.2011).

### A. *Whether the Non–Connecticut Plaintiffs' Claims Might Have Been Brought in the Districts in Which They Work or Worked*

The parties agree that the non-Connecticut plaintiffs' claims might have been

brought in the districts in which they work or worked. *See* Defs.' Mot. to Sever and Transfer at 13; Pls.' Opp'n at 18 n. 9.

### B. Whether the Transfer Promotes Convenience and Justice

■■■■ In the second part of the section 1404(a) inquiry, the court must consider whether a transfer promotes convenience and justice. District courts have broad discretion to make case-by-case determinations of convenience and fairness, *In re Cuyahoga Equipment Corp.*, 980 F.2d 110, 117 (2d Cir.1992) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). In making their determinations, courts consider, *inter alia*, (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–107 (2d Cir.2006); *Hanninen v. Fedoravitch*, 583 F.Supp.2d 322, 331 (D.Conn.2008).

### 1. Plaintiffs' Choice of Forum

■■■■ In considering a motion to transfer, a district court ordinarily affords the plaintiff's choice of forum substantial weight. *See In re Warrick*, 70 F.3d 736, 741 (2d Cir.1995). When plaintiffs choose a forum that is not any plaintiff's home forum, that choice of forum is accorded considerably less weight. *See Iragorri v. United Technologies*, 274 F.3d 65, 71 (2d Cir.2001). Because the non-Connecticut plaintiffs' claims lack any connection to Connecticut, these plaintiffs' choice of forum is accorded little deference, and therefore this factor is neutral or tips only very slightly in favor of plaintiffs.[9] *See Hanninen*, 583 F.Supp.2d at 335.

### 2. Convenience of Witnesses & Availability of Process to Compel Their Attendance

■■■ A party moving for transfer on the ground of the convenience or availability of witnesses must specify the identity of key witnesses and the nature of their likely testimony, and support these statements with affidavits. *See Factors Etc. v. Pro Arts*, 579 F.2d 215, 218 (2d Cir.1978), *abrogated on other grounds* by *Pirone v. MacMillan*, 894 F.2d 579 (2d Cir.1990). Discovery specific to these plaintiffs has not yet begun, and neither party has specifically identified any non-party witnesses.

---

**9.** Plaintiffs cite *Tritt v. Automatic Data Processing Inc. Long Term Disability Plan Adm'r*, No. 06CV2065–CFD, 2008 WL 2228841 (D.Conn. May 27, 2008) for the proposition that their choice of Connecticut should be afforded significant deference because the FLSA has a broad venue provision. *See* Pls.' Opp'n at 19–20. The *Tritt* court noted that ERISA plaintiffs' choice among the three potential fora afforded by statute should be accorded significant deference. *See Tritt*, 2008 WL 2228841 at *2.

The plaintiffs have cited no authority to support the application of Tritt to FLSA actions, and courts in the Second Circuit have afforded slightly less deference to FLSA collective action plaintiffs' choice of forum. *See, e.g., Fairchild v. Eisai, Inc.*, No. 3:11cv452 MRK, 2011 WL 3438408 at *2 (D.Conn. Aug. 4, 2011); *Ahmed v. T.J. Maxx Corp.*, 777 F.Supp.2d 445, 450–51 (E.D.N.Y.2011). The reasoning underlying this principle—to "give deference to a plaintiff's choice of her home forum[—]is because it is presumed to be convenient." *Iragorri*, 274 F.3d at 71. In this FLSA case, which is no longer a collective action, neither the presumption of convenience nor the *Tritt* decision justify deference to the non-Connecticut plaintiffs' choice of a Connecticut forum.

The court notes, however, that it seems unlikely that any non-party witnesses from Connecticut will be called to establish the daily job responsibilities and activities of the non-Connecticut plaintiffs.

Because neither party has identified any non-party witnesses, the availability of process to compel attendance of unwilling witnesses is neutral. *Cf. WorldCare Ltd. Corp. v. World Ins. Co.*, 767 F.Supp.2d 341, 367 n. 52 (D.Conn.2011) (finding this factor to favor transfer even where neither party identified a non-party witness).

### 3. Location of Relevant Documents

The parties agree that "modern photocopying technology and electronic storage deprive this issue of practical or legal weight." *See* Def.'s Mot. to Sever & Transfer at 16 (citing *Wilson v. DirectBuy, Inc.*, 821 F.Supp.2d 510, 517 (D.Conn. 2011)); Pls.' Opp'n at 22. The court agrees; this factor does not weigh for or against transfer.

### 4. Convenience of Parties

■ Transfer should not merely "shift the burden of inconvenience from one party to the other." *Pitney Bowes v. National Presort*, 33 F.Supp.2d 130, 132 (D.Conn. 1998). By this Motion, Home Depot seeks to transfer the non-Connecticut plaintiffs' actions to the states in which those plaintiffs were employed. This is indisputably more convenient for those non-Connecticut plaintiffs.

■ Plaintiffs argue under this factor that they would be inconvenienced because severance and transfer would double the number of fora in which plaintiffs from the original *Aquilino* action in New Jersey action would be pursuing their claims. *See* Pls.' Opp'n at 22. Each individual plaintiff, however, would be litigating in only one forum—his home state. Plaintiffs' argument, therefore, addresses the inconvenience to plaintiff's counsel that would result from severance and transfer. The convenience of counsel is not the appropriate consideration on a motion to transfer. *See WorldCare Ltd. Corp. v. World Ins. Co.*, 767 F.Supp.2d 341, 363 n. 44 (D.Conn. 2011). It is convenience to plaintiffs.

Further, plaintiffs seem to argue that the court should not grant Home Depot's Motion to Transfer because it will be more inconvenient for Home Depot to litigate in twelve districts rather than the six districts in which plaintiffs have already brought cases. *See* Pls.' Opp'n at 22–23. The court finds this argument unpersuasive. This factor clearly favors transfer.

### 5. Locus of Operative Facts

■ "The locus of operative facts is an important factor to be considered in deciding where a case should be tried." *MAK Marketing, Inc. v. Kalapos*, 620 F.Supp.2d 295, 310 (D.Conn.2009) (citing *800–Flowers v. Intercont'l Florist*, 860 F.Supp. 128, 134 (S.D.N.Y.1994)). To determine the locus of operative facts, courts look to where "the events from which the claim arises" occurred. *Verilux v. Ottlite Technologies*, No. 09–CV–00717–JCH, 2009 WL 2710222 at *5 (D.Conn. Aug. 20, 2009). The non-Connecticut plaintiffs' allegations arise from each of their individual employment experiences as MASMs in Home Depot Stores in Massachusetts, New Hampshire, New York, Puerto Rico, Rhode Island, and Vermont.

Plaintiffs argue that the court should not transfer the claims because Home Depot's corporate policy of misclassifying MASMs was created at Home Depot's corporate headquarters in Atlanta, and therefore "at least some of the operative facts are located outside of the forum where Home Depot argues Plaintiffs should be transferred." *See* Pls.' Opp'n at 24. Contrary to plaintiffs' assertion, not every occurrence relevant to the non-Connecticut plaintiffs' cases need have occurred in the transferee forum to make that forum the

locus of operative facts.[10] These individual actions clearly arose from each plaintiff's employment, which took place in the proposed transferee fora. Therefore, this factor clearly favors transfer.

### 6. Relative Means of Parties

■ Courts may consider the relative financial hardship to litigants in prosecuting or defending an action in a particular forum. *See MAK Marketing, Inc. v. Kalapos*, 620 F.Supp.2d 295, 311 (D.Conn.2009) (citing *Hawley v. Accor N. Am., Inc.*, 552 F.Supp.2d 256, 260 (D.Conn.2008)). The parties do not dispute that Home Depot is of greater means than the plaintiffs. Home Depot argues that transfer to non-Connecticut plaintiffs' states would minimize the economic burden on these plaintiffs. Def.'s Mot. to Sever and Transfer at 18. Plaintiffs argue that transfer will increase their litigation costs, and therefore strongly argues against transfer. *See* Pls.' Opp'n at 25–26.

Although the court finds that this factor weighs against transfer, it weighs very little for two reasons. First, plaintiffs have not alleged or demonstrated undue burden from litigating in multiple fora, and indeed are already litigating in six fora. *See Argent Funds Group v. Schutt*, 3:05–CV–1456–SRU, 2006 WL 2349464 at *5 (D.Conn. Jun. 27, 2006); *Excelsior Designs v. Sheres*, 291 F.Supp.2d 181, 187 (E.D.N.Y.2003) ("a party arguing for or against a transfer because of inadequate means must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to his finances" (internal quotations omitted)). Second, to the extent that the plaintiffs' argument implies that the court should consider the increased litigation costs that result from litigating the plaintiffs' claims separately, such a consideration is inappropriate in the context of the transfer analysis. *See* discussion *supra* at 268. The court has acknowledged that severing these cases would result in some additional cost to plaintiffs. *See supra* at 265–66. Accordingly, this factor weighs only slightly against transfer.

### 7. Forum's Familiarity with Governing Law

The non-Connecticut plaintiffs make claims pursuant to federal law, as well as the labor laws of New Hampshire, New York, and Vermont. *See* Second Am. Compl. ¶¶ 76–96. Federal courts are presumed to be equally familiar with federal law. *See WorldCare Ltd. v. World Ins.*, 767 F.Supp.2d 341, 366 n. 49 (D.Conn.2011) (finding this factor neutral because plaintiff made claims under federal law, as to which federal courts are presumed equally competent). District courts are presumed to be more familiar with the law of the state in which they sit. *See Hanninen v. Fedoravitch*, 583 F.Supp.2d 322, 334 (D.Conn.2008). Therefore, this factor favors transfer.

---

**10.** Plaintiffs rely on *Medisim Ltd. v. BestMed LLC*, No. 10 Civ. 2463(SAS), 2010 WL 2697073 at *3 (S.D.N.Y. July 7, 2010), and describe it as denying transfer because operative facts took place in different venues. *See* Pls.' Opp'n at 24. In that case, the plaintiff alleged patent infringement, unfair competition, and false advertising. *Medisim*, 2010 WL 2697073 at *3. The court noted that locus of operative facts in patent infringement cases is the location of design, development, and manufacturing of the allegedly infringing product, whereas the locus of operative facts in unfair competition and false advertising cases is the place where the acts of infringement, dilution, or unfair competition took place. *Id.* Because the events underlying the different claims were divided among the forum in which the case was filed, the proposed transferee forum, and China, the court found the factor not to favor either party. *Id.* The case does not provide support to plaintiffs' claim that, because some facts are outside the proposed transferee fora, this factor does not favor transfer.

### 8. Trial Efficiency and the Interests of Justice

This final factor is " 'broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer.' " *Charter Oak Fire Ins. v. Broan–Nutone, L.L.C.*, 294 F.Supp.2d 218, 222 (D.Conn.2003) (citing *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y. 1967)).

Plaintiffs argue that denying Home Depot's Motion would avoid delay. Plaintiffs do not, however, explain why transferring the non-Connecticut plaintiffs' claims would produce further delay. *See* Pls.' Opp'n at 27. Where, as here, individualized discovery has not yet begun, courts have not found that transfer would result in further delay. *See, e.g., Wilson v. DirectBuy, Inc.*, 821 F.Supp.2d 510, 519–21 (D.Conn.2011).

 Plaintiffs also argue that the court should deny the Motion because Home Depot is forum shopping. *See* Pls.' Opp'n at 27. It contends that the motivation for Home Depot's Motion is to avoid this court's prior ruling on the proper calculation of overtime pay pursuant to the FLSA. *Id.* Plaintiffs cite *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), which announced the rule that transferee courts applying state law in diversity cases must apply the law of the state that would have been applied in the absence of a change in venue. *Van Dusen*, 376 U.S. at 637–41, 84 S.Ct. at 820–21. "[T]he rule of *Van Dusen* does not apply [to federal claims that are transferred] to a federal court that has a different construction of relevant federal law than the federal court in which the action was filed." *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir.1993). Because federal law "is supposed to be unitary," "no litigant has a right to have the interpretation of one federal court rather than that of an-

other determine his case." *Id.* (internal quotations omitted). Therefore, plaintiffs' contention that Home Depot seeks to avoid a prior ruling of this court construing the FLSA does not influence the transfer analysis.

### 9. The Relevant Factors Favor Transfer of the Severed Claims

Based on the above analysis, the following factors weigh in favor of transfer of the non-Connecticut plaintiffs' claims to the states where they worked: convenience of the parties; locus of the operative facts; and the forum's familiarity with governing law. The following factors neither support nor oppose transfer: the convenience of non-party witnesses and the availability of process to compel their attendance; the location of relevant documentary evidence; and trial efficiency and the interests of justice. The following factors weigh slightly against transfer: the non-Connecticut plaintiffs' choice of forum, and the relative means of the parties. On balance, and considering all of the relevant factors, the court finds that Home Depot has met its burden of showing that transfer of the non-Connecticut plaintiffs' claims is warranted.

Home Depot moves this court to transfer non-Connecticut plaintiffs' claims to the districts "in which they reside and in which the events underlying their claims occurred." Defs.' Mot. to Sever and Transfer at 13. The court can deduce from the pleadings that the non-Connecticut plaintiffs are or were employed in Massachusetts, New Hampshire, New York, Puerto Rico, Rhode Island, and Vermont. The plaintiffs assert that some non-Connecticut plaintiffs "may no longer live in the states where they worked." Pls.' Opp'n at 23 n. 11. Neither party provides the court with any information as to where the non-Connecticut plaintiffs live. In the absence of

such information, the court treats Home Depot's Motion as requesting transfer to the districts in which the non-Connecticut plaintiffs worked. That Motion is **GRANTED.**

Because Massachusetts, New Hampshire, Puerto Rico, Rhode Island, and Vermont each have only one district, the claims of plaintiffs who worked in those districts will be transferred to those districts. Because New York has four districts, the plaintiffs are hereby **ORDERED** to provide the court with information regarding the district of employment of the New York plaintiffs no later than April 25, 2012. In addition, plaintiffs are directed to clarify the issues discussed *supra* at 263 n. 8. Specifically, the plaintiffs should clarify whether James D. Costello worked in both Connecticut and Rhode Island, and if not, in which state he worked, and should clarify whether Liza Logan is a plaintiff in this action, and if so, in which state she worked.

## V. MOTION TO STAY

Home Depot's Motion to Stay pending the resolution of its Motion to Sever and Transfer is **DENIED** as moot.

## VI. SCHEDULING ORDER

The parties in the Connecticut action are **ORDERED** to file an amended, Joint Proposed Scheduling Order with the court no later than April 25, 2012.

## VII. CONCLUSION

For the foregoing reasons, Home Depot's Motion to Sever this case into seven separate cases is **GRANTED.** Home Depot's Motion to Sever the non-Connecticut plaintiffs' claims to the districts in which they work or worked is **GRANTED.** The parties are **ORDERED** to file an amended Joint Proposed Scheduling Order no later than April 25, 2012. Plaintiffs are **OR-**DERED to file information regarding plaintiffs Costello and Logan no later than April 25, 2012.

**SO ORDERED.**